[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15973
Non-Argument Calendar

_____

Agency No. A76-541-302

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2005
THOMAS K. KAHN
CLERK

DUCEPPE DESOGUSTE,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 10, 2005)

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Petitioner Duceppe Desoguste, proceeding pro se, petitions this Court for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen his completed removal proceedings. After review, we dismiss his petition in part, and deny it in part.

## I. BACKGROUND

Desoguste is a citizen and national of Haiti. At an unknown place and time prior to January 11, 2001, he entered the United States illegally, without being admitted or paroled. On January 11, 2001, the Immigration and Nationalization Service (INS)[1] issued Desoguste a notice to appear, charging that he was removable as a alien who was present in the United States without being admitted or paroled, in violation of 8 U.S.C. § 1182(a)(6)(A)(i).

On January 23, 2003, Desoguste appeared before an Immigration Judge (IJ), who ordered Desoguste removed to Haiti. The IJ's order indicated that Desoguste expressly waived his right to appeal this decision to the BIA, and Desoguste did not appeal.

On April 21, 2003, Desoguste filed a motion with the IJ seeking to reopen his removal proceedings (the "April 21, 2003 motion to reopen"). In that motion, Desoguste claimed that he had married a United States citizen on December 20,

---

[1]The Homeland Security Act of 2002, Pub.L. No. 107-296, 116 Stat. 2135, was signed into law on November 25, 2002. The Act created a new Department of Homeland Security, abolished the INS, and transferred its functions to the new department.

2002, and had a pending visa petition based upon this marriage, which was filed on April 16, 2003. The IJ denied the April 21, 2003 motion to reopen, reasoning that the pending visa petition was insufficient to warrant reopening Desoguste's removal proceeding because the decision to grant the visa was within the sole discretion of the Department of Homeland Security (DHS).

Desoguste did not appeal this ruling to the BIA, but instead filed a motion for reconsideration with the IJ on May 21, 2003 (the "May 21, 2003 motion for reconsideration"). In this motion, Desoguste argued that the BIA's decision in In re Velarde-Pacheco, 23 I & N Dec. 253, 256 (BIA 2002), indicated that a pending family-based visa petition justified reopening a removal proceeding. On May 28, 2003, the IJ denied the May 21, 2003 motion for reconsideration, concluding that Desoguste's case did not meet all of the Velarde-Pacheco criteria for reopening a case. Specifically, the IJ's decision is based solely on the ground that Velarde-Pacheco required that the government not oppose any motion to reopen, and that Desoguste's case did not meet this requirement. Desoguste appealed the IJ's ruling to the BIA.

On April 28, 2004, the BIA adopted and affirmed the IJ's May 28, 2003 ruling. In addition to adopting the IJ's decision, the BIA opinion noted that Desoguste was not entitled to relief under Velarde-Pacheco because he failed to

3

submit clear and convincing evidence that his marriage was bona fide.[2] Desoguste

did not petition this Court for a review of the BIA's April 28, 2004 ruling.

On July 23, 2004, Desoguste filed a separate motion to reopen with the BIA

(the "July 23, 2004 motion to reopen"). Desoguste attached to his July 23, 2004

motion to reopen twenty-three exhibits evidencing that his marriage was bona fide.

The exhibits included several affidavits, utility and phone bills, a copy of the

marriage certificate, a 2003 tax return and other documents intended to show that

the marriage is bona fide.

On October 18, 2004, the BIA denied the July 23, 2004 motion to reopen. In

its opinion, the BIA found that Desoguste could have presented this evidence

before the IJ when he filed his April 21, 2003 motion to reopen. In addition, the

BIA stated that the July 23, 2004 motion to reopen was "dilatory in nature."

On November 15, 2004, Desoguste timely filed a petition in this Court for

review of the BIA's October 18, 2004 decision.

## II. DISCUSSION

**A. Jurisdiction**

---

[2]Specifically, in its April 28, 2004 opinion, the BIA stated that "[i]f, as [Desoguste] claims, he entered into a bonafide marriage in December 2002, it would seem that more evidence to substantiate that marriage would have been presented. However, only a few pieces of documentary evidence were presented and no affidavits from anyone knowing the couple, or indeed, from the couple themselves . . . ."

In his brief on appeal, Desoguste argues at length about the various decisions made by the IJ and the BIA in this case. However, because of the strict filing deadline that governs our review of immigration cases, we conclude that our jurisdiction in this case is limited to reviewing the BIA's October 18, 2004 decision denying Desoguste's July 23, 2004 motion to reopen.

While this Court generally has jurisdiction to review final orders of removal, the petition for review must be filed in this Court within 30 days of the order. See 8 U.S.C. § 1252(b)(1). This statutory time limit for filing a petition for review in an immigration proceeding is "'mandatory and jurisdictional,' [and] is not subject to equitable tolling." Dakane v. United States Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2004) (quoting Stone v. INS, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995)). Additionally, motions to reconsider or motions to reopen filed with the BIA do not toll or extend the filing deadline. Id.

Desoguste's November 15, 2004 petition for review in this Court was therefore timely filed only with respect to the BIA's October 18, 2004 decision.[3] Accordingly, to the extent that Desoguste argues on appeal that the IJ erred in denying his April 21, 2003 motion to reopen, or that the BIA's April 28, 2004

---

[3]To be timely filed as to the IJ's April 22, 2003 order denying Desoguste's April 21, 2003 motion to reopen, Desoguste's petition for review should have been filed by May 22, 2003. To be timely field with respect to the BIA's April 28, 2004 order affirming the IJ's denial of reconsideration, the petition for review should have been filed by May 28, 2004.

5

decision erred in affirming the IJ's denial of Desoguste's May 21, 2003 motion for reconsideration, this Court lacks jurisdiction to consider Desoguste's arguments. Thus, that portion of Desoguste's petition for review is dismissed. See id.

We now turn to our review of the BIA's October 18, 2004 decision denying Desoguste's July 23, 2004 motion to reopen filed with the BIA.

**B. BIA's October 18, 2004 Decision**

We review the BIA's denial of Desoguste's July 23, 2004 motion to reopen for an abuse of discretion. Mejia Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999).

The regulation that governs motions to reopen before the BIA states that a motion to reopen may not be granted "unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1).

In its October 18, 2004 decision, the BIA determined that the evidence presented by Desoguste's July 23, 2004 motion to reopen, namely the twenty-three exhibits purporting to show that his marriage was bona fide, could have been presented to the IJ when Desoguste originally moved to reopen his removal proceeding on April 21, 2003. We cannot say that this is an abuse of discretion.

The documents submitted by Desoguste in his July 24, 2004 motion to reopen consisted of items such as his marriage certificate, affidavits of his wife and

friends, pictures of Desoguste and his family, a letter from his pastor, his and his wife's 2003 tax return, and various utility bills.  Because Desoguste claims that he was married on December 20, 2002, there is no reason to believe that these items were "not available and could not have been discovered or presented" at the time of his April 21, 2003 motion to reopen.  Indeed, Desoguste does not argue on appeal that any of the new evidence submitted with his July 23, 2004 motion to reopen before the BIA was unavailable at the time of his April 21, 2003 motion to reopen before the IJ.

Under these circumstances, we can not say that the BIA abused its discretion in denying Desoguste's July 23, 2004 motion to reopen.  See 8 C.F.R. § 1003.2(c)(1); see also INS v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25 (1992) (noting that motions to reopen are disfavored in removal proceedings because "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.")

## III.  CONCLUSION

For the above reasons, we DISMISS Desoguste's petition for review insofar as it challenges any ruling other than the BIA's October 18, 2004 denial of his motion to reopen.  In addition, we DENY Desoguste's petition to the extent that it challenges the BIA's October 18, 2004 decision.

DISMISSED in part, DENIED in part.